# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GABRIEL PACHECO, individually, and on behalf of all similarly situated persons,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TFS FACILITY SERVICES GEORGIA, LLC,<br><br>　　　　Defendant. | CIVIL ACTION<br>FILE NO. _____<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

This action is brought on behalf of all employees of TFS Facility Services Georgia, LLC who were non-exempt under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and who worked hours in excess of 40 per week during the last three years but who did not receive overtime at 1 ½ their regular rate.  TFS Facility Services Georgia, LLC ("TFS") willfully failed to pay Plaintiff and other similarly situated employees proper overtime for all hours worked in excess of 40 per week, in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and other current and former non-exempt employees who worked for TFS in the United States, and who choose to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Action") that they are (i) entitled to unpaid wages from TFS for overtime work for which they did not receive proper overtime premium pay, as required by the FLSA, and (ii) entitled to liquidated damages pursuant to the FLSA.

## JURISDICTION AND VENUE

2. This is an action for unpaid overtime under the FLSA. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint.

3. Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## PARTIES

4. Plaintiff Gabriel Pacheco ("Plaintiff" or "Mr. Pacheco") is a current employee of TFS. He has worked for TFS since May 2011.

5. Mr. Pacheco's current title with TFS is Office Coordinator.

6. Mr. Pacheco is non-exempt under the FLSA.

7. TFS pays Mr. Pacheco by the hour but, until approximately August 2013, TFS did not pay Mr. Pacheco overtime at 1 ½ his rate of pay for hours worked in excess of 40 per week.

8. Until approximately August 2013, TFS did not pay Mr. Pacheco and other similarly-situated non-exempt employees overtime at a rate of 1 ½ their hourly rate for hours worked in excess of 40 per week.

9. TFS Facility Services Georgia, LLC is a domestic Georgia corporation with its principal office address at 4355 J Cobb Parkway, Suite 207, Atlanta, Georgia 30339.

10. TFS may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for service of process, George M. Fox, 4788 Long Island Drive, Atlanta, Georgia 30342.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings this action on behalf of himself and all other similarly situated employees, pursuant to 29 U.S.C. § 216(b).

12. Plaintiff and those similarly situated are individuals who were, or are, employed by TFS as non-exempt employees at any time within three years prior to filing this Complaint and who worked overtime hours but did not receive overtime

compensation at a rate of 1 and ½ times their regular rate of pay (hereinafter the "Collective Action Class").

13.     The Collective Action Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is dependent are in the sole possession of TFS, upon information and belief there are more than one hundred members of the Collective Action Class, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

14.     Plaintiff will fairly and adequately protect the interests of the members of the Collective Action Class and has retained counsel that is experienced and competent in the fields of wage and hour law and collective action litigation.

15.     Questions of law and fact common to the members of the Collective Action Class predominate over questions that may affect only individual members because TFS has acted on grounds generally applicable to all members of the Collective Action Class.

## STATEMENT OF FACTS

16. TFS is a temporary staffing company that supplies laborers to work at locations such as hotels.

17. TFS supplies staff to the InterContinental hotel in Atlanta, Georgia.

18. Although TFS employees work in the InterContinental hotel, they are employed by TFS and receive paychecks from TFS.

19. Mr. Pacheco has worked for TFS for approximately two and a half years, during which time he worked in the InterContinental hotel in Atlanta, Georgia.

20. Mr. Pacheco worked as the Office Coordinator in the InterContinental hotel in Atlanta.

21. Mr. Pacheco's job was, in part, to arrange for rooms in the hotel to be cleaned.

22. Mr. Pacheco is a non-exempt employee of TFS and TFS paid him by the hour.

23. As the Office Coordinator, Mr. Pacheco interacted with numerous other TFS employees who worked at the InterContinental hotel in Atlanta, Georgia.

24. Mr. Pacheco and the other TFS employees regularly worked overtime hours (hours in excess of 40 per week) but were not compensated for their overtime worked at a rate of 1 ½ their regular rate.

25. TFS management told Mr. Pacheco expressly: "we don't pay overtime."

26. During the relevant time period, TFS's express policy was not to pay overtime to employees who worked more than 40 hours per week.

27. During the relevant time period, members of the Collective Action Class were paid by the hour.

28. During the relevant time period, members of the Collective Action Class worked hours in excess of 40 per week.

29. During the relevant time period, members of the Collective Action Class were not paid overtime at the required statutory rate for the hours they worked in excess of 40 per week.

30. Members of the Collective Action Class are similarly situated under the FLSA because: (1) their primary job duty was to work in cleaning and maintenance roles; (2) they are non-exempt under the FLSA; (3) they regularly worked in excess of 40 hours per week; and (4) they did not receive overtime compensation at a rate of 1 and ½ times their regular rate of pay.

31. At all relevant times, TFS was aware that members of the Collective Action Class regularly worked hours in excess of 40 per week.

32. At all relevant times, the express policy of TFS was not to pay members of the Collective Action Class overtime compensation at a rate of 1 and ½ times their regular rate of pay for hours worked in excess of 40 per week.

33. On information and belief, TFS's unlawful conduct described herein is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and state wage and hour laws.

34. TFS was, or should have been, aware that state and federal law require it to pay employees performing non-exempt duties overtime at a rate of 1 and ½ their regular rate for all hours worked in excess of 40 per week.

35. TFS's failure to pay members of the Collective Action Class overtime at a rate of 1 and ½ their regular rate for all hours worked in excess of 40 per week was willful and in bad faith.

## COUNT I
## Willful Failure Pay Overtime in Violation of the FLSA

36. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

37. TFS engaged in a widespread pattern, policy and practice of violating the FLSA by failing to pay members of the Collective Action Class overtime at a rate of 1 and ½ their regular rate for hours worked in excess of 40 per week.

38. At all relevant times, members of the Collective Action Class were engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. The overtime wage provisions set forth in the FLSA apply to TFS and protect the members of the Collective Action Class.

40. At all relevant times, TFS was, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, TFS employed, and/or continues to employ, members of the Collective Action Class within the meaning of the FLSA.

42. Upon information and belief, at all relevant times, TFS has had gross revenues in excess of $500,000.00.

43. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

44. As a result of TFS's willful failure to compensate the members of the Collective Action Class at a rate of 1 and ½ their regular rate for hours worked in excess of 40 per week, TFS has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

45. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because TFS's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

46. TFS did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the members of the Collective Action Class.

47. Due to TFS's FLSA violations, Plaintiff and the members of the Collective Action Class are entitled to recover from TFS their unpaid overtime wages for all of the hours they worked in excess of 40 per week, an additional and equal amount as liquidated damages for TFS's willful violations of the FLSA, prejudgment interest, reasonable attorneys' fees and costs of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all members of the Collective Action Class who join this action demand a **TRIAL BY JURY** and the following relief:

a. Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons employed by TFS as non-exempt employees during the relevant time period, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An award of unpaid wages for unpaid overtime compensation due under the FLSA;

d. An award of liquidated damages as a result of TFS's willful failure to pay overtime compensation;

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g. Such other and further relief as this Court deems just and proper.

Respectfully submitted, this 22nd day of October, 2013.

>*/s/ Justin M. Scott*
>Steven E. Wolfe
>Georgia Bar No. 142441
>sewolfe@buckleyklein.com
>Justin M. Scott
>Georgia Bar No. 557463
>jmscott@buckleyklein.com

BUCKLEY & KLEIN, LLP
Promenade II, Suite 900
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101

Attorneys for Plaintiffs